ORIGINAL

1  LARA R. SHAPIRO (State Bar No. 227194)
2  4145 Via Marina # 324
   Marina del Rey, CA 90292
3  Telephone: (310) 577-0870
4  Facsimile: (424) 228-5351

5  *Of Counsel to*
6  Lemberg & Associates LLC
   A Connecticut Law Firm
7  1100 Summer Street
8  Stamford, CT 06905
   Telephone: (203) 653-2250
9  Facsimile: (203) 653-3424

10
   Attorneys for Plaintiff,
11 Candice Trundeau

12

**FILED**

FEB 2 4 2010

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

FILE BY FAX

*EDL*

13
14        UNITED STATES DISTRICT COURT
15        NORTHERN DISTRICT OF CALIFORNIA          **791**

16

| | |
|---|---|
| 17 Candice Trudeau, | Case No.: |
| 18         Plaintiff, | **COMPLAINT FOR DAMAGES** |
| 19 | **1. VIOLATION OF FAIR DEBT** |
| 20     vs. | **COLLECTION PRACTICES ACT,** |
| | **15 U.S.C. § 1692 ET. SEQ;** |
| 21 Midland Credit Management; and | **2. VIOLATION OF FAIR DEBT** |
| DOES 1-10, inclusive, | **COLLECTION PRATICES ACT,** |
| 22 | **CAL.CIV.CODE § 1788 ET. SEQ.** |
| 23         Defendants. | |
| 24 | **JURY TRIAL DEMANDED** |

25
26
27
28

1    For this Complaint, the Plaintiff, Candice Trudeau, by undersigned counsel,

2

3   states as follows:

4                                **JURISDICTION**

5    1.    This action arises out of Defendants' repeated violations of the Fair

6   Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the

7

8   invasions of Plaintiff's personal privacy by the Defendants and its agents in their

9   illegal efforts to collect a consumer debt.

10   2.    Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

11

12   3.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in

13   that Defendants transact business here and a substantial portion of the acts giving

14   rise to this action occurred here.

15

16                                 **PARTIES**

17   4.    The Plaintiff, Candice Trudeau (hereafter "Plaintiff"), is an adult

18

19   individual residing in Foster City, California, and is a "consumer" as the term is

20   defined by 15 U.S.C. § 1692a(3).

21   5.    The Defendant, Midland Credit Management (hereafter "Defendant"),

22

23   is a California company with an address of 8875 Aero Drive, Suite 200, San Diego,

24   California 92123, operating as a collection agency, and is a "debt collector" as the

25   term is defined by 15 U.S.C. § 1692a(6).

26

27

28

                                      2

6. Does 1-10 (the "Collectors") are individual collectors employed by and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Defendants at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

A. **The Debt**

8. The Plaintiff incurred a financial obligation (the "Debt") to Midland Bank (the "Creditor") associated with a credit card.

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Defendants for collection, or was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

---

3

COMPLAINT FOR DAMAGES

**B.**    **The Defendants Engage in Harassment and Abusive Tactics**

12.    The Defendants called the Plaintiff's residence, attempting to collect the Debt.

13.    The Defendants are rude and abusive towards the Plaintiff when speaking with her.

14.    The Defendants told the Plaintiff that she was afraid; she needed to stop making excuses, and accused her of not paying her bills.

15.    The Defendants communicated a threat to the Plaintiff by telling her that they were in possession of her social security number.

16.    The Defendants failed to identify the individual debt collector or the debt collection agency they were calling on behalf of.

17.    The Defendants told the Plaintiff that she is being sued for a debt from 1979.  To date, Defendants have filed no such lawsuit against the Plaintiff.

18.    The Defendants failed to send the Plaintiff any correspondence informing her of her right to dispute the Debt, or any other rights under state or federal law.

**C.**    **Plaintiff Suffered Actual Damages**

19.    The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

20.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

21.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, et seq.

22.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23.     The Defendants' conduct violated 15 U.S.C. § 1692d(2) in that Defendants used profane and abusive language when speaking with the consumer.

24.     The Defendants placed calls to the Plaintiff without disclosing the identity of the debt collection agency, in violation of 15 U.S.C. § 1692d(6).

25.     The Defendants threatened to take legal action, without actually intending to do so, in violation of 15 U.S.C. § 1692e(5).

26.     The Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

27.     The Defendants failed to send the Plaintiff a validation notice stating the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

COMPLAINT FOR DAMAGES

28.   The Defendants failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the debt was owed, in violation of 15 U.S.C. § 1692g(a)(2).

29.   The Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the debt within thirty days, in violation of 15 U.S.C. § 1692g(a)(3).

30.   The Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff, in violation of 15 U.S.C. § 1692g(a)(4).

31.   The Defendants failed to send the Plaintiff a validation notice containing the name and address of the original creditor, in violation of 15 U.S.C. § 1692g(a)(5).

32.   The Defendants continued collection efforts even though the debt had not been validated, in violation of 15 U.S.C. § 1692g(b).

33.   The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

34.   The Plaintiff is entitled to damages as a result of the Defendants' violations.

COMPLAINT FOR DAMAGES

**COUNT II**
**VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788 et seq.**

35.    The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36.    The Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 et seq. ("Rosenthal Act") prohibits unfair and deceptive acts and practices in the collection of consumer debts.

37.    Midland Credit Management, in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

38.    The Defendants did not disclose the identity of the debt collection agency when communicating with the Plaintiff, in violation of Cal. Civ. Code § 1788.11(b).

39.    The Defendants failed to comply with the provisions of 15 U.S.C. § 1692, *et seq.*, in violation of Cal. Civ. Code § 1788.13(e).

40.    The Defendants falsely represented that a legal proceeding had been or was about to be instituted unless the Debt was paid immediately, in violation of Cal. Civ. Code § 1788.13(j).

41.    The Defendants did not comply with the provisions of Title 15, Section 1692 of the United States Code, in violation of Cal. Civ. Code § 1788.17.

COMPLAINT FOR DAMAGES

42.     The Plaintiff is entitled to damages as a result of the Defendants' violations.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

E. Statutory damages of $1,000.00 per violation for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

F. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

1    G. Punitive damages; and

2

3    H. Such other and further relief as may be just and proper.

4
     **TRIAL BY JURY DEMANDED ON ALL COUNTS**
5

6

7

8    DATED: February 24, 2010          LARA SHAPIRO

9

10

11                                     By:___*/s/ Lara R. Shapiro*___
                                       Lara R. Shapiro
12

13                                     Attorney for Plaintiff
                                       Candice Trudeau
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                       9